### THE STATE, EX REL. WOODBRIDGE STRONG, v. THE COUNTY COLLECTOR OF MIDDLESEX.

The act of February 24th, 1869, provided for the appointment of a law judge of the Court of Common Pleas for the county of Middlesex, and that such additional judge should receive a salary of $1600 per annum, but should receive no other share of the fees or compensation divisible among the judges of said courts. March 18th, 1869, an act was passed giving to the judges of the Courts of Common Pleas a *per diem* of $3, which, in 1873, was increased to $5. *Held*—

1. That the term fees and compensation related to the fees and costs allowed by the fee bill and other acts, which are to be paid for certain official acts and services performed, and are divisible among the judges present.

2. That such additional law judge is entitled, during his term, as well to the *per diem* as to his salary, such *per diem* being in no sense fees or compensation divisible among the judges, or any of them.

---

On application for *mandamus* to the county collector of the county of Middlesex.

Argued at February Term, 1879, before Justices DEPUE, DALRIMPLE and SCUDDER.

The relator, *Woodbridge Strong, in pro. pers.*

For the defendant, *E. T. Green.*

The opinion of the court was delivered by

DALRIMPLE, J.   The relator was commissioned president judge of the Court of Common Pleas, General Quarter Sessions of the Peace and Orphans' Court of the county of Middlesex, on the 1st day of April, 1874.   He claims of said county the sum of $5 for each day he actually attended court as such judge.   Having presented his claim in due form to the county collector, and payment having been refused, hence this application for *mandamus.*

The act under which the relator was commissioned judge was approved on the 24th of February, 1869.   By its first and second sections it is enacted that the Court of Common Pleas and Sessions of Middlesex should thereafter consist of four judges, in addition to the justice of the Supreme Court, one of which judges should be an attorney or counselor at law of at least three years' standing, and that such additional judge should receive a salary of $1600 per annum, payable by the county in quarterly payments, but should receive no other share of the fees or compensation then divisible among the judges of the said courts.   If we were at liberty to inquire for the meaning of the legislature thus expressed, aside from the language it has used, it might, perhaps, be quite satisfactorily ascertained that the intention was that the additional judge created by the act should receive, as compensation for all his services, a salary of $1600 only.   But, in my opinion, the act does not, either in terms or by fair construction, so declare. The relator, by his appointment and commission, became one of the judges of the Middlesex Pleas, and as such entitled to receive, in addition to his salary, all the fees, emoluments and compensation to which any other of the judges of that court were entitled, except wherever it was by law otherwise pro-

vided. The only special provision on the subject is in the second section of the act above referred to,' which simply excludes the additional judge from "a share of the fees or compensation" then "divisible among the other judges of said court." But the *per diem* given to the judges of the pleas is in no sense fees or compensation divisible among them, or any of them. That expression relates to fees and costs allowed by the fee bill and other acts, which are to be paid to the court for certain official acts done and services performed, to be divided among the judges present.

On the 18th of March, 1869, (*Pamph. L., p.* 511,) an act was passed giving to the judges of the Court of Common Pleas of the several counties of this state the sum of $3 for every day's attendance at court. By act of April 2d, 1873, (*Rev., p.* 1380,) the amount was increased to $5 per day. These acts do not confine the *per diem* compensation to any special class of judges, but extend it alike to all. If, in the special act relating to Middlesex county alone, the additional judge thereby created had, in terms, or by necessary implication, been excluded from a right to the *per diem* as well as fees given to the other judges of the pleas, much that is said in the brief of counsel of respondent would have been of force, and I am inclined to think that the special act would not have been, in the particular under consideration, repealed by the general expressions used either in the act of 1869 or 1873. It may, however, be that the general language used in these later acts may be held to be a legislative construction of that under which the relator claims. There may be force in the suggestion that if it was the intention of that act to exclude the additional judge from the right to a *per diem*, some reference by way of exception or otherwise would, to save confusion and uncertainty, have been made to the fact in the later acts.

I therefore hold that the relator was entitled, during his term of office, as well to the *per diem* given by law to the other judges as to his salary.

The *mandamus* prayed for is awarded.